Filed 8/7/24  P. v. Nunez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080741 |
| v. | (Super.Ct.No. FWV17003089) |
| RODOLFO NUNEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ingrid A. Uhler, Judge.  Affirmed.

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Heather B. Arambarri, Deputy Attorneys General, for Plaintiff and Respondent.

1

## INTRODUCTION

Defendant and appellant Rodolfo Nunez appeals an order denying his Penal Code[1] section 1172.6 resentencing petition.  The order was made at the prima facie stage of the proceedings.  This is his third petition for resentencing.  We affirm.

## FACTUAL BACKGROUND[2]

On July 10, 2017, defendant and a fellow gang member, Alfredo Rodriguez, were driving by the victim's house in defendant's car.  The victim yelled at defendant to pick up some trash that had been thrown from defendant's car.  Defendant refused, got out of his car, and challenged the victim to a fight.  Defendant and the victim began walking toward each other with their fists up, but defendant took a few steps back and yelled to Rodriguez to get out a gun.  Rodriguez got out of defendant's car with a gun and shot the victim multiple times from about 10 feet away.  Defendant and Rodriguez got back into defendant's car and fled the scene.  The victim died from three gunshot wounds to his leg.  (*Nunez*, *supra*, E071815.)

## PROCEDURAL BACKGROUND

A jury found defendant guilty of first degree premeditated murder (§ 187, subd. (a)), and it found true that the offense was committed for the benefit of a street gang (§ 186.22, subd. (b)) and that a principal personally and intentionally discharged a

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

[2] On August 9, 2023, we took judicial notice of this court's opinion in defendant's prior appeal.  (*People v. Nunez* (July 14, 2022, E071815 [nonpub. opn.].)  This brief summary of facts is based on the factual background in that opinion.

firearm causing death (§ 12022.53, subds. (d) & (e)(1)). The trial court sentenced defendant to 25 years to life for the murder and a 25-year firearm enhancement, for a total term of 50 years to life. It imposed and stayed the 10-year gang enhancement.

Defendant appealed the judgment. In an unpublished opinion, this court affirmed the judgment as to the first degree premeditated murder conviction and vacated the gang and firearm enhancements. (*Nunez*, *supra*, E071815.) One of the issues defendant raised on appeal was whether he was entitled to a reversal of his murder conviction under Senate Bill No. 1437. He argued that he was entitled to relief because the record did not demonstrate beyond a reasonable doubt that the jury relied on a legally valid theory to convict him, rather than on the natural and probable consequences theory, which was now legally invalid. (*Nunez*, *supra*, E071815.) This court rejected that claim, finding that the jury instructions "only allowed [him] to be convicted of first degree premeditated murder as a *direct* aider and abettor." (*Id*. at pp. 84-85, italics in original.) We concluded that defendant was not entitled to relief under Senate Bill No. 1437. (*Id*. at pp. 83-85.)

On July 1, 2019, during the pendency of his appeal, defendant filed a petition for resentencing under section 1172.6,[3] also alleging that he was entitled to relief under Senate Bill No. 1437. The court appointed counsel, and the People filed an informal response, arguing that defendant was not entitled to relief since he was convicted of murder under the theory that he aided and abetted Rodriguez and acted willfully,

---

[3] At the time defendant filed this petition, this provision was found at section 1170.95. It was later renumbered as section 1172.6, without substantive change, effective June 30, 2022. (*People v. Strong* (2022) 13 Cal.5th 698, 708, fn. 2 (*Strong*).) Unless otherwise noted, this opinion will refer to the provision as section 1172.6.

deliberately, and with premeditation. The People explained that the jury was proffered two theories of liability: (1) defendant shared the intent of the shooter (Rodriguez) and thus could be found guilty of first degree murder; and (2) the natural and probable consequence of aiding someone brandishing a firearm is that someone could be killed, in which case defendant could only be convicted of second degree murder. The People stated that defendant was convicted of first degree murder, which meant the jury believed he shared the shooter's intent to kill; in other words, it did not convict him under the natural and probable consequences theory. The People argued that defendant was ineligible for relief under section 1172.6 since he was convicted of first degree murder under the theory that he aided and abetted his codefendant and acted willfully, deliberately, and with premeditation.

On August 23, 2019, the court denied defendant's resentencing petition, finding him ineligible for relief because he was found guilty of first degree murder under the theory that he aided and abetted his codefendant.

On January 19, 2023, defendant filed a second resentencing petition pursuant to section 1172.6. On January 25, 2023, the court summarily denied the second petition, noting that defendant was appointed counsel and his first petition was denied on August 23, 2019, and that he remained ineligible for resentencing.

On February 8, 2023, defendant filed a third resentencing petition under section 1172.6. On February 10, 2023, the court summarily denied defendant's petition again, noting that, on two previous occasions, after being appointed an attorney, his

4

resentencing petitions were denied. The court further stated that defendant remained ineligible for resentencing, as "the only theory of liability was aiding and abetting the commission of a first degree murder."

Defendant filed a timely notice of appeal from the third petition for resentencing.

DISCUSSION

The Trial Court Properly Denied Defendant's Third Resentencing Petition

Defendant contends the trial court erred in summarily denying his third resentencing petition at the prima facie stage, without appointing him counsel and offering the parties the chance for further briefing. He claims the record of conviction did not establish he was ineligible for relief as a matter of law, since "the jury was instructed on the natural and probable consequences theory as to second-degree murder," the prosecution relied on that theory to prove he was guilty of murder, and "the jury could have relied at least in part [relied] on the natural and probable consequences theory to convict [him] of first-degree murder." He further claims the denial of his petition violated his procedural due process rights, and the error was prejudicial since "there is a reasonable chance" that, at an evidentiary hearing, the prosecution would be unable to prove beyond a reasonable doubt that he is ineligible for resentencing. The People argue the third resentencing petition is procedurally barred by the doctrines of collateral estoppel and the law of the case. We conclude the court properly denied defendant's third petition.

A. *Resentencing Law*

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess., Stats. 2018, ch. 1015 (Senate Bill 1437)) was enacted "'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) Senate Bill 1437 substantively amended sections 188 and 189 of the Penal Code and "added section [1172.6] , which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Ibid.*; § 1172.6, subd. (a).)

Section 1172.6 provides a petition for relief must include: "(A) A declaration by the petitioner that the petitioner is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and year of the petitioner's conviction. [¶] (C) Whether the petitioner requests the appointment of counsel." (§ 1172.6, subd. (b)(1)(A-C).) If the petition contains the required information and the petitioner has requested the appointment of counsel, the trial court must appoint counsel. (§ 1172.6, subd. (b)(3).) The court must then allow the prosecutor and the petitioner to file briefs addressing whether the petitioner has made a prima facie showing that resentencing relief is appropriate, and then hold a hearing on the issue. (§ 1172.6, subd. (c).)

6

A prima facie showing of entitlement to relief is based on the record of conviction. (*Lewis, supra*, 11 Cal.5th at p. 970.) That record includes "documents in the court file or otherwise part of the record of conviction that are readily ascertainable. . . [including] the complaint, information or indictment filed against the petitioner; the verdict form or factual basis documentation for a negotiated plea; and the abstract of judgment." (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 329-330, abrogated on another ground by *Lewis, supra*, 11 Cal.5th at p. 967.) The record of conviction also includes jury instructions and appellate opinions. (*People v. Harden* (2022) 81 Cal.App.5th 45, 56 (*Harden*); see *People v. Williams* (2022) 86 Cal.App.5th 1244, 1251-1257 (*Williams*); *Lewis, supra,* 11 Cal.5th at p. 972 ["Appellate opinions . . . are generally considered to be part of the record of conviction"]; *People v. Offley* (2020) 48 Cal.App.5th 588, 598-599 [trial court "may consider the entire record of conviction, including any prior Court of Appeal opinions in the case"].) However, the factual summary in the underlying appellate opinion may not be used to establish a defendant's ineligibility for relief, as a matter of law, at the prima facie stage. (*People v. Flores* (2022) 76 Cal.App.5th 974, 987-988.)

B. *Collateral Estoppel Bars Relitigation of the Issue of Defendant's Entitlement to Relief Under Senate Bill 1437*

Collateral estoppel "bars relitigation of issues earlier decided 'only if several threshold requirements are fulfilled. First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue

must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.'" (*Strong*, *supra*, 13 Cal.5th at p. 716.)

Collateral estoppel applies here. As the People assert, defendant raises an issue that was already decided by the court denying his first resentencing petition, as well as by this court on direct appeal. In his first petition (and his second and third), as well as in his appeal, defendant claimed he was entitled to relief under Senate Bill 1437 because he was convicted of murder on a now invalid theory (i.e., the natural and probable consequences doctrine). The court deciding his first petition determined that the record of conviction established he was ineligible for relief because the jury found him guilty of first degree murder as an aider and abettor.

Similarly, in defendant's prior appeal, we considered the entire record and determined that his murder conviction was legally valid, even in light of Senate Bill 1437. We concluded his actions and statements at the time of the shooting showed that, "with premeditation and deliberation, he intended and directed Rodriguez to shoot and kill [the victim]." (*Nunez*, *supra*, E071815.) Specifically, we found the jury was properly instructed that, in order to convict defendant as an aider and abettor to the first degree premeditated murder of the victim, it had to find that defendant, knowing that Rodriguez intended to shoot and kill the victim, "aided, facilitated, promoted,

8

encouraged, or instigated Rodriguez to shoot and kill" the victim. (*Id.* at p. 79.) This court concluded that "the instructions as a whole prohibited [the] jury from convicting [defendant] of first degree premeditated murder based on a natural and probable consequences theory. . . ." (*Ibid.*) In other words, "the instructions only allowed [defendant] to be convicted of first degree premeditated murder as a *direct* aider and abettor to Rodriguez." (*Id.* at pp. 84-85.)[4] We accordingly held that "the record shows beyond a reasonable doubt that [defendant] was not convicted of first degree premeditated murder based on a natural and probable consequences theory." (*Id.* at p. 85.) Defendant cannot relitigate this issue. "[A] section [1172.6] petition is not a means by which a [petitioner] can relitigate issues already decided." (*People v. Coley* (2022) 77 Cal.App.5th 539, 549; see *People v. Medrano* (2024) 98 Cal.App.5th 1254, 1265 (*Medrano*).)

We note defendant's claim in his reply brief that the application of collateral estoppel would not be fair, since his first petition was filed before Senate Bill No. 775 was approved in 2021; thus, the court did not decide his second and third petitions based on "current law," since it simply relied on its denial of his first petition. However, the trial court's conclusion that defendant was ineligible for relief because he was found guilty of first degree murder as a direct aider and abettor was not affected by changes made by Senate Bill No. 775 (e.g., the amendment of section 1172.6, subdivision (a) to

---

[4] We note that "[i]t is well settled that Senate Bill 1437 'does not eliminate direct aiding and abetting liability for murder because a direct aider and abettor to murder must possess malice aforethought.'" (*Williams*, *supra*, 86 Cal.App.5th at p. 1252.)

9

expand eligibility to persons convicted of murder under any "other theory under which malice is imputed to a person based solely on that person's participation in a crime.") (See *People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 931-932.)

C. *The Law of the Case Doctrine Also Bars Relief*

"Under the law of the case doctrine, when an appellate court """"states in its opinion a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout [the case's] subsequent progress, both in the lower court and upon subsequent appeal . . . .""" (*People v. Barragan* (2004) 32 Cal.4th 236, 246; *People v. Jurado* (2006) 38 Cal.th 72, 94.) The doctrine of the law of the case promotes finality of litigation and judicial economy by preventing a party from relitigating questions previously decided by a reviewing court. (*People v. Gray* (2005) 37 Cal.4th 168, 196.)

Again, in our prior decision, this court stated that "the instructions as a whole prohibited [the] jury from convicting [defendant] of first degree premeditated murder based on a natural and probable consequences theory." (*Nunez, supra*, E071815) To the extent that such statement could be viewed as a "principle or rule of law necessary" to our determination that defendant was ineligible for relief under Senate Bill 1437, it is the law of the case. (See *Medrano, supra*, 98 Cal.App.5th at p. 1264.) Accordingly, it must be applied in all proceedings in this case, and it bars defendant from relief under section 1172.6.

Defendant claims the law of the case doctrine is inapplicable at the prima facie stage of a section 1172.6 proceeding, relying on *Harden*, *supra*, 81 Cal.App.5th 45. There, the court held: "At the prima facie stage of an [1172.6] proceeding, it is of course impossible to know what the evidence will ultimately be at an evidentiary hearing that has not yet occurred. We thus agree with Harden that prior to a hearing under section [1172.6], subdivision (d)(3), the law-of-the-case doctrine cannot conclusively establish disentitlement [to relief under section 1172.6]." (*Id.* at p. 50.)

*Harden* is distinguishable. The issue in that case was whether the evidence was sufficient to support a finding that the defendant was the actual killer. (*Harden*, *supra*, 81 Cal.App.5th at p. 50.) We agree with the conclusion of the court in *Medrano*, *supra*, 98 Cal.App.5th at page 1264, that "[t]he holding in *Harden* should be limited to prohibiting application of the law of the case doctrine at a prima facie hearing where, as in *Harden*, the appellate court's prior determination concerned the sufficiency of the evidence at the petitioner's trial." Unlike *Harden*, the issue in defendant's prior appeal was not the sufficiency of the evidence. Defendant contends the *Harden* holding should still apply here since, "[it] is impossible to know what evidence [he] can present at an evidentiary hearing that will help prove that he is entitled to resentencing relief." However, in this case, the defendant has already at a full jury trial with all of the concomitant rights provided at trial, including the right to present evidence, and the right to cross-examine the witnesses for the People. We had the entire record of that prior trial when filing our prior opinion in the underlying case, including the jury instructions provided at trial.

11

With that complete record, we determined that defendant was ineligible for relief under Senate Bill 1437. We discern nothing that defendant could introduce at a new section 1172.6, subdivision (d) evidentiary hearing, that would affect the validity of the principle of law enunciated in our 2022 opinion.

Ultimately, we decline to address defendant's various arguments in this appeal (i.e., the court erred in finding the verdict rested only on the aiding and abetting theory without having an evidentiary hearing, the court denied him due process by foreclosing the rest of the petition process) because we have already ruled on the validity of his conviction for first degree murder under Senate Bill 1437. Furthermore, our ruling was consistent with the trial court's denial of the first petition. To the extent the court may have erred by summarily denying defendant's third petition without first appointing counsel (§ 1172.6, subd. (b)(3)), any error was harmless, since defendant is ineligible for relief as a matter of law.

## DISPOSITION

The order denying defendant's third section 1172.6 petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
                                                              J.

We concur:

RAMIREZ _____
                    P. J.

McKINSTER _____
                    J.